UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD BREALEY,<br><br>           Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, *et al.,*<br><br>           Defendants. | Civil No. 10cv853-L(JMA)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On April 22, 2010 Defendant Cox Communications ("Cox") filed a notice of removal, removing this state law age discrimination action from State court. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

/ / / / /

United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed "'[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

Cox removed this action based on diversity jurisdiction under 28 U.S.C. Section 1332(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000. 28 U.S.C. §1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Plaintiff worked as a salesman at Cox' kiosk in various retail locations. (Compl. at 2.) According to Cox and its agreement with the placement agency which placed Plaintiff with Cox, individuals in Plaintiff's position earned $ 10 per hour. (Decl. of Linda Kavanagh at 2.) Plaintiff was terminated in February 2009. (Compl. at 2.) Plaintiff, who was 56 years old when

he started working for Cox in October 2008, filed an age discrimination action under California Government Code Section 12940(a). He seeks unspecified compensatory damages and reasonable attorneys' fees and costs. (Compl. at 4.)

"Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683. "Under this burden, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

In the notice of removal Cox argues that Plaintiff's allegations put more than $75,000 at issue. Cox' arguments are initially based on the assumption that Plaintiff was paid at the rate of $10 per hour and worked a maximum of 40 hours per week. (Notice of Removal at 4.) However, this is not supported by evidence. Cox presented evidence that $ 10 per hour was its agreement with Plaintiff's placement agency. (Decl. of Linda Kavanagh at 2.) It has offered no evidence of the rate of pay it actually applied to Plaintiff or if Plaintiff was in fact given the maximum number of hours. If Cox' argument were fully credited, the most Plaintiff could earn between his termination and the filing of the complaint was $23,200. (Notice of Removal at 4.) Cox seeks to fill the more than $50,000 gap by arguing that Plaintiff's damages would double because this case would go to trial in one year. (*Id*.) This argument is rejected because it lacks any support in fact.

Next, Cox cites to a handful of cases, some of which are employment discrimination cases, where the plaintiff recovered more than $75,000 for pain and suffering. (*Id*.) Absent from the notice of removal is any discussion of how the cases cited are similar to the case at hand. For example, Cox does not maintain that any of the cited cases was for age discrimination or that it involved circumstances which are similar to the present case in material respects. (*See id.*) While the court accepts the premise advanced by Cox that damages in employment discrimination cases can exceed the jurisdictional amount, Cox has not satisfied its burden to show that it is more likely than not that the jurisdictional amount is met in this case.

Cox also argues that punitive damages and attorneys' fees may fill the gap in the amount in controversy. (Notice of Removal at 4-5.) The court is mindful that punitive damages and statutory attorney's fees are included in the amount of controversy. *Gibson v. Chrysler Corp*, 261 F.3d 927 (9th Cir. 2001) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorney's fees). However, Cox' argument is rejected because Plaintiff is not seeking punitive damages (*see* Compl. at 1-4) and because Cox has submitted no evidence in support of its assertion that attorneys' fees in this case will be sufficient to fill in the gap in the amount in controversy.

The facts and arguments presented in the notice of removal do not meet the burden of establishing removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: April 28, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL